UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  | Civil Action No. |
| --- | --- |
| NUNO COSTA, et al., | 2:16-CV-8492-CCC-SCM |
| Plaintiffs, | **OPINION ON PLAINTIFF'S MOTION TO AMEND THE COMPAINT** |
| v. | **[D.E. 49]** |
| J. FLETCHER CREAMER & SONS, INC., et al., | |
| Defendants. | |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiffs Nuno Costa, Tiago Costa, Manuel Costa, Artur Mariano, Jr., Joao Goncalves, Hugo Decarvalho, Richard DaCosta, Ivo Fernandez, and Giovanni Perez's (collectively, "the Costas") motion for leave to file an amended complaint.[1] Defendants J. Fletcher Creamer & Son, Inc., Cream Ridge Construction, Co., Inc., J. Fletcher Creamer, Jr., Joseph T. Walsh, Al Oliveira, Theresa Warren, Joann Gebbia, and Kimberly Chiandusse (collectively, "Creamer") opposed the motion.[2] The Court has reviewed the parties' respective submissions and heard oral argument on July 9, 2018.[3] For the reasons set forth herein, the Costas' motion to file an amended complaint is hereby **GRANTED** in part and **DENIED** in part.

---

[1] (ECF Docket Entry ("D.E.") 49, Mot. to Amend).

[2] (D.E. 52, Defs.' Opp'n.).

[3] *See* Fed. R. Civ. P. 78.

## I.     BACKGROUND AND PROCEDURAL HISTORY[4]

This action arises from allegations that Creamer failed to pay the Costas appropriate wages, provide contractual benefits, and maintain working conditions in accordance with the terms of their collective bargaining agreement.[5]

The Costas originally filed their complaint in New Jersey State Court on October 12, 2016.[6] On November 15, 2016, Creamer removed the action on the basis of federal question jurisdiction and Creamer subsequently filed a Motion to Dismiss on December 19, 2016.[7]

Following the parties' attempt to resolve this matter through court-ordered mediation, the Costas filed their request for leave to amend the complaint on February 3, 2018.[8] The proposed Amended Complaint narrows the dispute down to six claims, asserts two new claims pursuant to the Fair Labor Standards Act ("Fair Labor Act") and New Jersey's Law Against Discrimination ("Law Against Discrimination"), and alleges class/collective action claims on behalf of all persons similarly situated.[9]

Creamer contends the proposed amendments are futile, asserting that they are substantively deficient and procedurally time-barred.[10] The Costas argue that the relation-back doctrine permits

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no finding as to the veracity of the parties' allegations.

[5] (D.E. 1, Notice of Removal).

[6] *Id.*

[7] (D.E. 15, Mot. to Dismiss).

[8] (D.E. 49, Mot. to Amend).

[9] *Id.*

[10] (D.E. 52, Defs.' Opp'n).

the proposed amendments despite the statute of limitations because the new claims arise out of the same facts set out in their original pleading.[11]

## II.    <u>MAGISTRATE JUDGE AUTHORITY</u>

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[12] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[13] Motions to amend are non-dispositive.[14] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[15]

## III.    <u>LEGAL STANDARD</u>

After amendments as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[16] The decision to grant or deny leave to amend is "committed to the sound discretion of the district court."[17] While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice."[18] This ensures that "a particular claim will be decided on

---

[11] (D.E. 49, Mot. to Amend).

[12] 28 U.S.C. § 636(b)(1)(A).

[13] L. Civ. R. 72.1(a)(1).

[14] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998) (citations omitted).

[15] 28 U.S.C. § 636(b)(1)(A).

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

[18] Fed. R. Civ. P. 15(a)(2); *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (citations omitted) (internal quotations omitted).

the merits rather than on technicalities."[19] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend.[20]

When the amendment seeks to add a claim after the applicable statute of limitations has run, the Court must determine whether the time-barred claims relate back to the date of the original complaint, or else it will be considered futile. "[A]n amendment to a pleading relates back to the date of the original pleading where 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'"[21] "Importantly, however, Rule 15(c) is not merely an 'identity of transaction test,' such as the rules governing joinder of claims or parties."[22] "[W]here the original pleading does not give a defendant 'fair notice of what the plaintiff's amended claim is and the grounds upon which it rests,' the purpose of the statute of limitations has not been satisfied."[23] "[T]he underlying question for a Rule 15(c) analysis is 'whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.'"[24]

Furthermore, when an amendment seeks to add a party, as opposed to merely adding to the allegations set forth in the pleading, the relation back rule is more stringent.[25]  This District has

---

[19] *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (citation omitted).

[20] *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002).

[21] *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting Fed. R. Civ. P. 15(c)(1)(B)).

[22] *Id.* (quoting 6A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1497 (2010)).

[23] *Id.* at 146 (quoting *Balwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3 (1984)).

[24] *Id.* (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)).

[25] *Zavian v. Pride Fin., LLC*, 2016 WL 3574008, at *4 (D.N.J. June 30, 2016) (citing *Feuerstack v. Weiner*, 2013 WL 3949234, at *2 (D.N.J. July 30, 2013)).

held that such amendments require more than a showing that the claim arose out of the same conduct or transaction originally pled, but also "introduce considerations of both prejudice and notice."[26] Thus, to the extent that the claims add additional parties, the new claims relate back only if any new claims or defenses "arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleadings,"[27] and if within the service period, the defendant(s) "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[28]

IV.    **DISCUSSION & ANALYSIS**

With those principles in mind, the Costas seek to amend their Complaint, adding two new claims pursuant to the Fair Labor Act and Law Against Discrimination and asserting class/collective action allegations on behalf of all persons similarly situated.[29] Creamer notes that both the Fair Labor Act and Law Against Discrimination are governed by a two-year statute of limitations, which has expired.[30] Accordingly, Creamer argues that the proposed amendments do not relate back to the Costas' original Complaint, as the new claims against Creamer do not arise out of conduct set forth in the original Complaint.[31] Creamer further asserts that the Costas'

---

[26] *See Feuerstack*, 2013 WL 3949234, at *2 (discussing Fed. R. Civ. P. 15(c)(1)(B) and 15(c)(1)(C)).

[27] *Major Tours, Inc. v. Cororel*, 779 F. Supp. 2d 376, 386-87 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 15).

[28] *Id*.

[29] (D.E. 49, Mot. to Amend).

[30] *Id*.

[31] *Id*.

purported class action claims are futile because Creamer was given no notice of the potential class/collective claims at the time the original Complaint was filed.[32]

Turning first to the proposed Fair Labor Act claim, the Court must determine whether the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original pleading so as to relate back.[33] If the original complaint did not give the defendant fair notice of the basis of liability proposed in the amended pleading, the amendment will be considered futile.[34] Here, the Costas' Fair Labor Act claim purports allegations that Creamer failed to pay the Costas proper overtime over the course of their employment.[35] It is clear that this claim arises out of the same conduct alleged in the original pleading, namely the Costas' unpaid wage claims against Creamer. Accordingly, the Court finds that the Fair Labor Act amendment relates back to the date of the initial filing.

Next, the Court will address the Costas' request to add the Law Against Discrimination claim after the applicable two-year statute of limitations has elapsed. The Costas' proposed amendment asserts that Creamer retaliated against Plaintiffs Giovanni Perez and Hugo DeCarvalho after they suffered workplace injuries.[36] Creamer argues that this amendment does not relate back because these allegations are "claiming an injury that was not referred to anywhere in the original Complaint"[37] and therefore, Creamer did not have adequate notice. However, the Costas' original

---

[32] *Id.*

[33] *Glover*, 698 F.3d at 145.

[34] *Id.* at 146.

[35] (D.E. 49, Mot. to Amend).

[36] *Id.*

[37] (D.E. 52, Defs.' Opp'n).

6

Complaint clearly asserts "Giovanni was hurt on the job… After Giovanni's complaints to superiors about his pay and after his injury, [Creamer] retaliated against Giovani for seeking to enforce his lawful right to more pay because of his injury."[38] Similarly, the Costas' original Complaint also asserts "Hugo was hurt on the job twice… Hugo never received workers compensation for his time off from work due to his workplace injuries… Defendants have failed to pay Hugo as required by law and/or retaliated against Hugo."[39] Accordingly, the Court finds that Creamer had adequate notice of the Costas' claim and the proposed Law Against Discrimination amendment relates back.

The Court next examines the Costas' proposed amendment seeking to assert class action allegations that vastly expand the scope of this case.[40] While the Costas' claims of unpaid wages are present in the original pleading, there were no allegations concerning common practice or policy by Creamer, and therefore no indication that the claims could be made on behalf of a potentially voluminous group of plaintiffs. Creamer had no notice of the potential class/collective claims when the original Complaint was filed and there is no suggestion that the Costas' failure to sue on behalf of those similarly situated was due to mistake. In light of this, the original pleading did not give Creamer fair notice of "the grounds upon which [the amendment] rests" nor did it "adequately notif[y] the defendants of the basis for liability the plaintiffs would later advance in the amended complaint."[41] Accordingly, the Court finds that the relation back doctrine does not

---

[38] (D.E. 1, Notice of Removal).

[39] *Id.*

[40] (D.E. 49, Mot. to Amend).

[41] *Glover*, 698 F.3d at 146 (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)).

apply to the Costas' class action allegations.

**V.     CONCLUSION**

For the foregoing reasons, the Costas' motion to amend is hereby **GRANTED** in part and **DENIED** in part. An appropriate Order follows.


**ORDER**

**IT IS** on this Tuesday, August 07, 2018,

**ORDERED** that Plaintiffs' motion to amend the complaint with respect to the addition of the Fair Labor Act and Law Against Discrimination claims is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' motion to amend the complaint with respect to addition of a class/collective action claim is **DENIED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/7/2018 3:50:48 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File